PETITION OF PAUL C. SPRINGER.

No. 10723.

Decided December 19, 1963.

387 P.2d 437.

PER CURIAM.

Original proceeding. Petitioner herein is an inmate of the Montana State Prison and seeks his discharge therefrom by an appropriate writ.

Petitioner states that he was committed to the Montana State Prison from Yellowstone County on May 12, 1961, under a sentence of five years. That on April 16, 1963, he was paroled to the State of California and in that state on June 12, 1963, he was charged with the crime of burglary. While petitioner states notice of such arrest was given to Montana on June 13, 1963, we are advised by the Board of Pardons that such advice was received on June 20, 1963, and that the Board advised Cali-

fornia that the matter of violation would depend on the outcome of the charges. While petitioner states he was tried, found guilty and sentenced to five years on probation in the State of California on August 1, 1963, the records of the Board indicate that he entered a plea of guilty to the charge. These records further indicate that it was advised of the sentence on August 5, 1963, and on the following day, August 6th, a warrant for parole violation was transmitted to California and on September 13th the Board was advised that Springer was available for return to Montana and he was returned to the prison on September 19, 1963.

It is petitioner's contention that it was necessary for the State of Montana to issue a warrant for parole violation immediately upon receiving notice of his arrest and that failing to do so until after the California court had passed sentence upon him constituted a waiver of jurisdiction and that by reason thereof he is illegally confined. Petitioner cites authorities from the federal courts which have to do with relations in this field between federal courts in different districts and between federal courts and state courts, none of which are pertinent here.

In this matter the Board of Pardons upon receipt of notice of the arrest of petitioner advised the California authorities they would await the outcome of the charges before taking action. This was for the benefit of petitioner, had he been found innocent it is reasonable to assume no warrant would ever have been issued. However, petitioner was not found innocent, whether he was tried and convicted as he contends, or plead guilty as the Board records indicate, he had violated his parole and immediately upon receipt of such information the warrant was issued. There is nothing before us to indicate any waiver of jurisdiction and the contentions of the petitioner cannot be sustained.

There appearing no cause for issuance of any writ the application is denied and the cause ordered dismissed.