## PETITION OF NATHANIEL E. NEWMAN
No. 10909
Decided January 4, 1965.
397 P.2d 965

Nathaniel E. Newman, pro se.

PER CURIAM.

This is a petition by an inmate of the Montana State Prison, pro se, seeking a writ of habeas corpus to the end that he should be released from custody.

Newman was convicted on a plea of guilty in Valley County on July 28, 1961, to the charge of grand larceny and was sentenced to a term of five years. He was paroled on August 18, 1962.

On January 27, 1964, he was arrested by Federal authorities in Salt Lake City, Utah, for a violation of the Dyer Act (auto theft) and pleaded guilty to the charge on February 12, 1964, in the United States District Court in Salt Lake City. The defendant was sentenced to five years probation.

The defendant returned to Glasgow, Montana, and secured employment, but was arrested on May 18, 1964, on a warrant

issued by the State Board of Pardons as a parole violator, and returned to the Montana State Prison.

The defendant asserts that the State of Montana surrendered jurisdiction over him, "when the State declined, by inaction to assert jurisdiction over the person of petitioner and when the state informed the United States District Attorney [of Utah] that the state no longer was interested in your petitioner."

In addition, the defendant asserts that he was under the sole jurisdiction of Federal authorities and that the State of Montana is thereby excluded from exerting jurisdiction over him.

Upon receipt of the petition in this matter, this court sought the records of the Board of Pardons at Deer Lodge to determine whether or not a waiver of jurisdiction was ever made. We are officially advised that no waiver was ever made by the State of Montana.

We are further advised that the defendant was paroled in Montana on September 13, 1962, to employment in Malta and failed to report on October 2, 1962. Thereafter he was listed as a Parole Violator at Large.

Even though the defendant asserts a waiver of jurisdiction by Montana, there was, in fact, no waiver by any authorized person or body.

The petitioner's assertions that Montana is without jurisdiction over parole violators who land in Federal hands is without merit. (See Petition of Springer, 143 Mont. 307, 387 P.2d 437).

There appearing no cause for issuance of any writ, the application is denied and the cause ordered dismissed.